IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 0 9 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JULIANA H. DWYER, Executor of the Estate of JULIANA BRANI, deceased; and MARK DWYER, Executor of the Estate of JOHN BRANI, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | Case No.    06 C 3138<br><br>Judge David H. Coar<br><br>Magistrate Judge Nan R. Nolan |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, General Motors Corporation ("GM"), by its attorneys, Julie C. Keller of Dykema Gossett PLLC, answers Plaintiffs' Complaint as follows:

### COUNT I

### Product Liability/Defective Motor Vehicle/ Car Fire in Electrical System/Wrongful Death

1.   On and before November 20, 2005, General Motors was in the business of designing, manufacturing, distributing and selling motor vehicles including the 1991 Buick LaSabre.

**ANSWER:**   GM admits only that it does design, manufacture, market, distribute, and sell certain automobiles.

2. Prior to November 20, 2005, General Motors designed, manufactured, distributed and/or sold a certain Buick LaSabre VIN# 1G4HP54C75H481366.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 2 and thus denies them.

3. On November 20, 2005, John Brani was operating said vehicle and Juliana Brani was a passenger in said vehicle.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 3 and thus denies them.

4. On November 20, 2005, while John Brani and Juliana Brani were occupying said motor vehicle, a fire started in or around the dashboard of said motor vehicle.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 4 and thus denies them.

5. On November 20, 2005, and at the time it left the control of General Motors, the aforesaid Buick LaSabre was in a defective and unsafe condition in one or more of the following ways:

    a) It was designed, manufactured, distributed and sold with an electrical system which started a fire in the car when the car was being used in an intended or reasonably foreseeable manner.

    b) It was designed, manufactured, distributed and sold with an electrical system without sufficient warnings or instruction as to what inspections, maintenance or repairs were necessary to prevent a fire from starting in the car.

    c) It was designed, manufactured, distributed and sold with components which caught on fire during normal or foreseeable use.

**ANSWER:** GM denies the allegations contained in Paragraph 5, including each of its subparts, because they are not true.

2

6. As a proximate result of one or more of these defective and unsafe conditions, plaintiffs' decedents, John Brani and Juliana Brani, suffered injuries on November 20, 2005 which proximately resulted in their deaths.

**ANSWER:** GM denies the allegations contained in Paragraph 6 because they are not true.

7. John Brani, deceased, left heirs surviving him who sustained a loss of love, companionship, society and support.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 7 and thus denies them.

8. Juliana Brani, deceased, left heirs surviving her who sustained a loss of love, companionship, society and support.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 8 and thus denies them.

9. Mark Dwyer is the duly appointed Executor of the Estate of John Brani, deceased, and Juliana H. Dwyer is the duly appointed Executor of the Estate of Juliana Brani, deceased and they bring this action pursuant to 740 ILCS 180/1 *et seq* the Illinois Wrongful Death Act.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 9 and thus denies them.

WHEREFORE General Motors Corporation respectfully requests that judgment be entered in favor of General Motors and against Plaintiffs, and that General Motors be awarded costs of suit and such further relief that this Court deem appropriate.

3

## COUNT II

### Product Liability/Defective Motor Vehicle/
### Car Fire in Electrical System/Survival Cause of Action

1. On and before November 20, 2005, General Motors was in the business of designing, manufacturing, distributing and selling motor vehicles including the 1991 Buick LaSabre.

**ANSWER:** GM admits only that it does design, manufacture, market, distribute, and sell certain automobiles.

2. Prior to November 20, 2005, General Motors designed, manufactured, distributed and/or sold a certain Buick LaSabre VIN# 1G4HP54C75H481366.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 2 and thus denies them.

3. On November 20, 2005, John Brani was operating said vehicle and Juliana Brani was a passenger in said vehicle.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 3 and thus denies them.

4. On November 20, 2005, while John Brani and Juliana Brani were occupying said motor vehicle, a fire started in or around the dashboard of said motor vehicle.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 4 and thus denies them.

5. On November 20, 2005, and at the time it left the control of General Motors, the aforesaid Buick LaSabre was in a defective and unsafe condition in one or more of the following ways:

    a) It was designed, manufactured, distributed and sold with an electrical system which started a fire in the car when the car was being used in an intended or reasonably foreseeable manner.

4

b) It was designed, manufactured, distributed and sold with an electrical system without sufficient warnings or instruction as to what inspections, maintenance or repairs were necessary to prevent a fire from staring in the car.

c) It was designed, manufactured, distributed and sold with components which caught on fire during normal or foreseeable use.

**ANSWER:** GM denies the allegations contained in Paragraph 5, including each of its subparts, because they are not true.

6. As a proximate result of one or more of these defective and unsafe conditions, plaintiffs' decedents, John Brani and Juliana Brani, suffered injuries including conscious pain and suffering and disability and had they survived they would have been entitled them to bring a cause of action for said injuries and these causes of action have survived them.

**ANSWER:** GM denies the allegations contained in Paragraph 6 because they are not true.

7. Mark Dwyer is the duly appointed Executor of the Estate of John Brani, deceased and Juliana H. Dwyer is the duly appointed Executor of the Estate of Juliana Brani, deceased, and brings this cause of action pursuant to the Survival Act of the State of Illinois.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 7 and thus denies them.

WHEREFORE General Motors Corporation respectfully requests that judgment be entered in favor of General Motors and against Plaintiffs, and that General Motors be awarded costs of suit and such further relief that this Court deem appropriate.

5

## COUNT III

### Breach of Implied Warranty of Merchantability/ Car Fire in Electrical System/Wrongful Death

1. On and before November 20, 2005, General Motors was a merchant in the business of selling motor vehicles including the 1991 Buick LaSabre.

ANSWER: GM admits only that it does design, manufacture, market, distribute, and sell certain automobiles.

2. Prior to November 20, 2005, General Motors sold a certain Buick LaSabre VIN# 1G4HP54C75H481366 to plaintiffs' decedents.

ANSWER: GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 2 and thus denies them.

3. In the sale of the aforesaid motor vehicle, General Motors impliedly warranted that the motor vehicle was merchantable.

ANSWER: GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 3 and thus denies them.

4. On November 20, 2005, John Brani, was operating said vehicle and Juliana Brani was a passenger in said vehicle.

ANSWER: GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 4 and thus denies them.

5. On November 20, 2005, while John Brani and Juliana Brani were occupying said motor vehicle, a fire started in or around the dashboard of said motor vehicle.

ANSWER: GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 5 and thus denies them.

6

6. On November 20, 2005, and at the time it sold the aforesaid motor vehicle General Motors breached the implied warranty of merchantability in one or more of the following ways:

    a) It was sold with an electrical system which started a fire in the car when the car was being used in an intended or reasonably foreseeable manner.

    b) It sold with an electrical system without sufficient warnings or instruction as to what inspections, maintenance or repairs were necessary to prevent a fire from starting in the car.

    c) It was sold with components which caught on fire during normal or foreseeable use.

**ANSWER:** GM denies the allegations contained in Paragraph 6, including each of its subparts, because they are not true.

7. As a proximate result of one or more of these breaches of the implied warranty of merchantability, plaintiffs' decedents, John Brani and Juliana Brani, suffered injuries on November 20, 2005 which proximately resulted in their deaths.

**ANSWER:** GM denies the allegations contained in Paragraph 7 because they are not true.

8. John Brani, deceased, left heirs surviving him who sustained a loss of love, companionship, society and support.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 8 and thus denies them.

9. Juliana Brani, deceased, left heirs surviving her who sustained a loss of love, companionship, society and support.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 9 and thus denies them.

10. Mark Dwyer is the duly appointed Executor of the Estate of John Brani, deceased, and Juliana H. Dwyer is the duly appointed Executor of the Estate of Juliana Brani, deceased and

they bring this action pursuant to 740 ILCS 180/1 *et seq* the Illinois Wrongful Death Act and the appropriate provisions of the Uniform Commercial Code.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 10 and thus denies them.

WHEREFORE General Motors Corporation respectfully requests that judgment be entered in favor of General Motors and against Plaintiffs, and that General Motors be awarded costs of suit and such further relief that this Court deem appropriate.

## COUNT IV

### Breach of Implied Warranty of Merchantability/
### Car Fire in Electrical System/Survival Cause of Action

1. On and before November 20, 2005, General Motors was a merchant in the business of selling motor vehicles including the 1991 Buick LaSabre.

**ANSWER:** GM admits only that it does design, manufacture, market, distribute, and sell certain automobiles.

2. Prior to November 20, 2005, General Motors sold a certain Buick LaSabre VIN# 1G4HP54C75H481366 to plaintiffs' decedents.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 2 and thus denies them.

3. In the sale of the aforesaid motor vehicle, General Motors impliedly warranted that the motor vehicle was merchantable.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 3 and thus denies them.

8

4. On November 20, 2005, John Brani was operating said vehicle and Juliana Brani was a passenger in said vehicle.

ANSWER: GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 4 and thus denies them.

5. On November 20, 2005, while John Brani and Juliana Brani were occupying said motor vehicle, a fire started in or around the dashboard of said motor vehicle.

ANSWER: GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 5 and thus denies them.

6. On November 20, 2005, and at the time it sold the aforesaid motor vehicle General Motors Breached the implied warranty of merchantability in one or more of the following ways:

    a) It was sold with an electrical system which started a fire in the car when the car was being used in an intended or reasonably foreseeable manner.

    b) It was sold with an electrical system without sufficient warnings or instruction as to what inspections, maintenance or repairs were necessary to prevent a fire from starting in the car.

    c) It was sold in components which caught on fire during normal or foreseeable use.

ANSWER: GM denies the allegations contained in Paragraph 6, including each of its subparts, because they are not true.

7. As a proximate result of one or more of these breaches of the implied warranty of merchantability, plaintiffs' decedents, John Brani and Juliana Brani, suffered injuries including conscious pain and suffering and disability and had they survived they would have been entitled them to bring a cause of action for said injuries and these causes of action have survived them.

ANSWER: GM denies the allegations contained in Paragraph 7 because they are not true.

8. Mark Dwyer is the duly appointed Executor of the Estate of John Brani, deceased and Juliana H. Dwyer is the duly appointed Executor of the Estate of Juliana Brani, deceased,

and brings this cause of action pursuant to the Survival Act of the State of Illinois and the applicable provisions of the Uniform Commercial Code.

**ANSWER:** GM lacks sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 8 and thus denies them.

## AFFIRMATIVE DEFENSES

Defendant, General Motors Corporation ("GM"), states its Affirmative Defenses to Plaintiffs' Complaint as follows:

### General Allegations

1. GM restates and realleges its answers to Plaintiffs' Complaint.

2. Section 2-1116 of the Illinois Code of Civil Procedure provides, in relevant part, that:

> In all actions on account of death, bodily injury, or physical damage to property in which recovery is predicated upon fault, the contributory fault chargeable to the plaintiff shall be compared with the fault of all tortfeasors whose fault was a proximate cause of the death, injury, loss, or damage for which recovery is sought. The plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, but any economic or non-economic damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff.

735 ILCS 5/2-1116.

3. During all times in which the alleged incident occurred, Plaintiffs' decedents had a duty to exercise reasonable care to safeguard their own personal safety.

4. The injuries and damages allegedly sustained by Plaintiffs are a proximate result of one or more of the following negligent acts and/or omissions on the part of Plaintiffs and/or Plaintiffs' decedents at the time of and immediately prior to the occurrence of which the Plaintiffs complains:

   a) carelessly and negligently failing to keep a proper lookout;

   b) carelessly and negligently failing to obey the Illinois statutes and regulations regarding the operation of motor vehicles on Illinois roads and highways;

   c) carelessly and negligently operating a motor vehicle in an improper and unsafe manner;

   d) carelessly and negligently using the motor vehicle in a manner other than that which is its intended purpose;

   e) carelessly and negligently altering or modifying the motor vehicle in a manner other than it was at the time that it left GM's possession;

   f) carelessly and negligently maintaining, handling or caring for the motor vehicle; and

   g) other careless and negligent acts.

5. At the time of and immediately prior to the occurrence, Plaintiffs' decedents failed to exercise ordinary care for their own safety and such failure was the sole proximate cause of the occurrence of which Plaintiffs now complain or alternatively, such failure of the Plaintiffs' decedents was a proximate cause of any and all damages alleged to have been sustained by the Plaintiffs of a personal, permanent and pecuniary nature.

6. During all times in which the alleged incident occurred, unknown third parties had a duty to exercise reasonable care to safeguard his own personal safety and those of others using the streets with him.

7. The injuries and damages allegedly sustained by Plaintiffs are a proximate result

11

of one or more of the following negligent acts and/or omissions on the part of unknown third parties at the time of and immediately prior to the occurrence of which Plaintiffs complain:

    carelessly and negligently failing to keep a proper lookout;

    carelessly and negligently failing to obey the Illinois statutes and regulations regarding the operation of motor vehicles on Illinois roads and highways;

    h)    carelessly and negligently operating a motor vehicle in an improper and unsafe manner; and

    i)    other careless and negligent acts.

8. At the time of and immediately prior to the occurrence, unknown third parties failed to exercise ordinary care for his own safety and the safety of others and such failure was the sole proximate cause of the occurrence of which Plaintiffs now complain or alternatively, such failure of unknown third parties was a proximate cause of any and all damages alleged to have been sustained by Plaintiffs of a personal, permanent and pecuniary nature.

9. The GM products in question were altered, modified, changed and in a different condition than at the time that they left GM's possession.

10. The GM products in question were mishandled, abused, and/or improperly maintained by parties other than and unknown to GM.

11. The injuries and damages allegedly sustained by Plaintiffs are a proximate result of one or more of the following negligent acts and/or omissions on the part of Plaintiffs' decedents or others during the course and usage of the GM products in question at the time of and immediately prior to the occurrence of which Plaintiffs complain:

    a)    Failure to heed and follow instructions, directions or warnings supplied, provided or otherwise communicated or made known or available to Plaintiff or others during the course and usage of the product in question;

    b)    Use of the product in a manner contrary to that for which it was suitable,

designed or intended; and

    c)    Use of the product for a purpose and/or with intent contrary to that for which it was suitable, designed and/or intended.

### First Affirmative Defense

12.    Plaintiffs' claims against GM are barred in whole or in part because any injuries sustained by the Plaintiffs were the proximate result of intervening/superseding conduct of a party or parties over which GM did not have control or any right of control.

### Second Affirmative Defense

13.    Plaintiffs' claims against GM are barred in whole or in part by the doctrine of laches.

### Third Affirmative Defense

14.    Plaintiffs' decedents own negligence proximately caused the injuries that they sustained. Thus, Plaintiffs' decedents' contributory negligence bars Plaintiffs' claims against GM in whole or in part.

### Fourth Affirmative Defense

15.    Plaintiffs' decedents' injuries may have been caused by a substantial modification of any GM product at issue in this case.

### Fifth Affirmative Defense

16.    Plaintiffs' decedents' injuries may have been caused by the inappropriate use or misuse of any GM product at issue in this case.

### Sixth Affirmative Defense

17.    Plaintiffs' remedies are limited by the applicable written warranties.

### Seventh Affirmative Defense

18. That at all relevant times, GM complied with all applicable state and federal laws and regulations.

### Eighth Affirmative Defense

19. That at all relevant times, GM complied with any and all relevant generally recognized and prevailing standards.

### Ninth Affirmative Defense

20. Plaintiffs' cause of action is barred, in whole or in part, by the applicable statute of limitations.

### Tenth Affirmative Defense

21. Plaintiffs' Complaint, and all Counts thereof, fail to state a claim against GM upon which relief can be granted and, therefore, should be dismissed.

### Eleventh Affirmative Defense

22. Plaintiffs' Complaint is barred, in whole or in part, to the extent that it seeks exemplary, double or punitive damages. Such damages violate GM's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, to protection from excessive fines as provided by the Fifth Amendment to the United States Constitution, and the pertinent provisions of the Constitution of the State of Illinois.

### RESERVATION OF RIGHT

GM reserves its right to add additional or amend existing affirmative defenses and counterclaims upon the completion of discovery and as justice requires.

WHEREFORE, General Motors Corporation respectfully requests that judgment be entered in favor of General Motors and against Plaintiffs, and that General Motors be awarded costs of suit and such further relief that this Court deem appropriate.

**GENERAL MOTORS CORPORATION**

By: _____
One of Its Attorneys

Julie C. Keller, ARDC No. 6256184
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

15

## CERTIFICATE OF SERVICE

I, Julie C. Keller, herby certify that on June 9, 2006, I filed the foregoing Answer to Plaintiffs' Complaint with the Clerk of the Court and mailed a copy of the same via first-class mail to David Wise of Burke, Mahoney & Wise, 161 N. Clark Street, Suite 2240, Chicago, Illinois 60601.

By: /s/ Julie C. Keller

Julie C. Keller ARDC No. 6256184
Attorneys for Defendant
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
jkeller@dykema.com

CHICAGO\2205956.1